IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR MMUBANGO | : | CIVIL ACTION |
| v. | : | |
| GOOGLE, INC., et al. | : | NO. 12-1300 |

MEMORANDUM

McLaughlin, J.                                                     February 22, 2013

      This case arises out of derogatory statements made about the plaintiff and posted anonymously on a third-party website that is linked to the website of the defendant Google, Inc. The plaintiff claims that defendant Google is liable for various tortious actions, including defamation. Google has moved to dismiss under Fed. R. Civ. P. Rule 12(b)(6), claiming immunity under the Communications Decency Act, 47 U.S.C. § 230. The Court grants the defendant's motion.

I.    Factual & Procedural Background[1]

      On or around September 2006, the plaintiff, Omar Mmubango, discovered that an unknown individual was posting

---

[1] The Court accepts all well-pleaded facts in the third amended complaint as true and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

anonymous statements about the plaintiff on a website, http://www.wikiscams.com.  The statements, which were derogatory in nature, were accessible upon triggering certain search terms in a website published by defendant Google, Inc.  The plaintiff repeatedly requested that Google take the statements off of its search engine and that Google give the plaintiff information about the then-unknown poster, but Google refused both requests.  Compl. ¶ 2; Third Am. Compl. ¶ 2-4 (Docket No. 47).

On October 6, 2011, the plaintiff filed a complaint in Pennsylvania state court against Google and an "Unknown Party."[2]  He seeks over $700,000 in damages.  Google removed the action to federal court on March 13, 2012, and it filed the instant motion to dismiss on March 20, 2012.

Shortly thereafter, the plaintiff filed numerous briefings opposing the removal, alleging that he was a citizen of Delaware, not Pennsylvania, and that diversity jurisdiction

---

[2] To date, the plaintiff has moved for leave to amend his complaint three times, twice at the state court level and once at the federal court level.  On September 5, 2012, in a correspondence to the Court, the plaintiff requested leave to file what the Court will deem a Third Amended Complaint, which added defendants Patrician Dean and Chandler McFann Company to the case.  The Court granted leave for the plaintiff to file the this complaint on September 13, 2012.  The plaintiff filed his Third Amended Complaint on January 30, 2013.  Docket No. 47.

did not exist. As a result, the Court ordered the parties to conduct limited discovery as to the jurisdictional issue, specifically the plaintiff's state of citizenship. Docket No. 16. After reviewing the defendant's supplemental memorandum, the Court held that the plaintiff was a citizen of Pennsylvania and retained subject-matter jurisdiction on the case. Docket No. 41.

The plaintiff has now filed a Third Amended Complaint, which includes the names of, and claims against, the previously "unknown parties" who had authored and posted the derogatory statements. His claims against Google remain the same: he alleges defamation as to Google's decision to publish the statement and negligence as to Google's decision not to remove it upon his request.[3] The Court now considers the defendant

---

[3] Although the pro se plaintiff does not use this vocabulary, the Court shall "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

The plaintiff also makes allegations of "obstruction of justice" related to Google's decision not to release the name of the third-party author upon request by the plaintiff. Third Am. Compl. ¶ 4. However, the Court rejects this "claim." "Obstruction of justice" is not an appropriate cause of action for the defendant's actions in this matter. Moreover, the plaintiff has not pled sufficient facts alleging that Google knows, and is able to provide, any identifying information about the third-party poster of the derogatory remarks.

Google's pending motion to dismiss with respect to this complaint.[4]

II. Analysis

The defendant has moved for dismissal under Fed. R. Civ. P. 12(b)(6). It asserts that the plaintiff's claims are barred by Section 230 of the Communications Decency Act (CDA), and, as such, he has not stated a claim upon which relief can be granted.

Under the Communications Decency Act, interactive computer service providers are immunized against liability for third-party-created content. Section 230 of the CDA states in relevant part:

> No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider. . . . [Further,] no cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

---

[4] The Court notes that defendant Google's pending motion to dismiss refers to the Second Amended Complaint, not the Third. However, the substance of the plaintiff's claims against Google remain unchanged in the Third Amended Complaint. As such, the Court will consider the instant motion as to the Third Amended Complaint.

47 U.S.C. § 230(c)(1),(e)(3). As the Third Circuit has explained, this section "precludes courts from entertaining claims that would place a computer service provider in a publisher's role, and therefore bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions." Green v. Am. Online, 318 F.3d 465, 471 (3d. Cir. 2003) (internal citations omitted).

In the instant case, the Court finds that the plaintiff's claims against Google are barred by § 230 of the CDA.

First, Google is an interactive computer service provider. According to the CDA, an interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Here, the plaintiff's allegations are premised upon the fact that he and other Internet users are provided access to Google's server. The Court agrees with the number of courts which have held that a website such as Google fits the definition of an interactive computer service provider. See, e.g., Parker v. Google, Inc., 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006); Langdon v. Google, Inc., 474 F. Supp. 2d 622, 631 (D. Del. 2007); see also Jurin v. Google, Inc., 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010).

5

Second, the plaintiff seeks to hold Google liable for information provided by another information content provider, http://www.wikiscams.com.  If a defendant did not create or author the statement in controversy, but rather is provided that statement by a third-party information content provider, then that defendant cannot be held liable under the CDA.  E.g., Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1124 (9th Cir. 2003).  An information content provider is defined in the CDA as a "person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).

Here, the plaintiff has not alleged that Google created or authored the derogatory statement; instead, he alleges that Google "stored" and "broadcasted" the information that was created by the other two defendants.  Third Am. Compl. ¶ 1, 3.  Because the plaintiff seeks to impose liability for Google's actions involving information provided by another information content provider, Section 230(c) applies to his claims.

Finally, the plaintiff's causes of action seek to treat Google as the publisher of the third party's statements. Traditional acts of an editorial, or publishing, nature include

"deciding whether to publish, withdraw, or alter content." Green v. Am. Online, 318 F.3d 465, 471 (3d Cir. 2003). In the internet service provider context, such decisions would involve deciding whether to provide access to third-party content or whether to delete the content from its archival or cache. Courts have repeatedly held that defamation claims against qualified providers are barred by the CDA. See, e.g., Parker v. Google, Inc., 422 F. Supp. 2d at 500-01 (dismissing plaintiff's claims against Google regarding allegedly defamatory messages posted on a website because the CDA "was intended to provide immunity for service providers like Google on exactly the claims Plaintiff raises here"); see also Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997); Ben Ezra, Weinstein, and Co. v. Am. Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000).

The Court holds that the CDA immunizes the defendant against the plaintiff's allegations. Google cannot be held liable for state law defamation on the facts that it "decided" to publish a third party's statements, which has been identified by the Third Circuit as a traditional editorial function.[5] In

---

[5] Although the plaintiff had specifically asserted that Google "aided and abetted" the third-party author's defamation, Third Am. Compl. ¶ 2., the Court notes that a publisher's decision to print a statement is typically considered under direct liability

7

the same vein, Google cannot be held liable for failing to withdraw this statement once it has been published.

The Court holds that the plaintiff has not stated, nor will he be able to state, any viable claims against Google with respect to its decision to publish and maintain a third party's statement within its archives. Thus, the Court grants the defendant Google's motion to dismiss with prejudice.

An appropriate order shall issue separately.

---

principles. E.g., Weber v. Lancaster Newspapers, Inc., 878 A.2d 63, 73-74 (Pa. Super. Ct. 2005). Moreover, the Court has not found any Pennsylvania cases recognizing a claim for aiding and abetting defamation.